MARJORIE H. HAMILTON AND ANOTHER v. W. H. FREEMAN, INC. AND ANOTHER.[1]

November 20, 1936.

No. 30,994.

*Atwood & Quinlivan,* for appellants.
*Henry H. Sullivan,* for respondents.

[1]Reported in 269 N. W. 635.

DEVANEY, CHIEF JUSTICE.

Action brought to cancel and set aside certain transfers of personal property on the ground that they were fraudulent as to creditors.

Plaintiffs, Marjorie H. Hamilton and Carl L. Hamilton, in 1931, recovered a judgment against W. H. Freeman, Incorporated, one of the defendants in this case and Don A. Freeman, brother of W. H. Freeman. Execution on this judgment was returned unsatisfied, and the judgment has never been satisfied.

In 1929 W. H. Freeman, Incorporated, was indebted to the First National Bank of St. Cloud in the approximate sum of $22,000. The corporation had secured this indebtedness to said bank by a chattel mortgage upon its corporation property consisting principally of advertising billboards located in various parts of Minnesota. In 1929 the corporation began disposing of its billboards and in each instance turned over the cash paid therefor to the bank and caused the contract for purchase of each such billboard to be assigned to the bank as collateral security to protect the indebtedness.

By December 3, 1930, the indebtedness was reduced to $1,049.56. On that date the other defendant herein, Clara H. Freeman, mother of W. H. Freeman, gave that amount of money to the bank, and the bank in turn assigned to her the chattel mortgages which it held as security for the indebtedness of W. H. Freeman, Incorporated. These securities were of the approximate value of $8,500.

Plaintiffs commenced this action attacking the assignment of these securities to Clara Freeman on the ground that it was made without consideration and was fraudulent as to creditors. The case was heard before a court without a jury. The findings were for defendants. Plaintiffs moved for amended findings of fact and conclusions of law or for a new trial, which motion was denied. This is an appeal from the judgment.

But one question need be considered: Does the evidence support the trial court's finding that Clara H. Freeman paid full and adequate consideration for the assignment?

The trial court found that Clara H. Freeman had advanced large sums of money in excess of $9,000 to W. H. Freeman, Incorporated,

which sums, together with that advanced on December 3, 1930, exceeded the value of the securities assigned to her on that date. W. H. Freeman, who was the owner of practically all of the stock of W. H. Freeman, Incorporated, testified that these advances were loans and that the money was used in the business of the corporation. There is no evidence contradicting this testimony. With reference to the fact that some of the checks given to W. H. Freeman by Clara Freeman were made payable to W. H. Freeman and not to W. H. Freeman, Incorporated, the trial court in an able memorandum stated:

"The evidence in this case is to the effect that while some of the checks were made payable to W. H. Freeman they were indorsed to W. H. Freeman, Incorporated, and that the moneys and proceeds derived from said checks were in fact loans to W. H. Freeman, Incorporated, and used by W. H. Freeman, Incorporated.

"The evidence in this case would not justify a finding that the moneys advanced by the defendant Clara H. Freeman were gifts to her son."

We cannot profitably add to or enlarge upon the above quoted statement. The record amply supports the finding of the trial court that the advances to W. H. Freeman were loans for the corporation and not gifts. What inferences are to be drawn from the testimony in evidence are for the triers of fact. This court cannot set itself up as a super-jury and weigh the evidence upon which the trier of fact has reached a decision. We can only determine whether or not the decision is reasonably supported by the evidence. We hold that it is.

Affirmed.